UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH M. BELL,<br><br>Defendant. | No. 2:14-cr-00132-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Kenneth M. Bell's ("Defendant") Motion to Dismiss Seven Counts of the Superseding Petition. (ECF No. 198.) The Government filed an opposition. (ECF No. 203.) Defendant filed a reply. (ECF No. 204.) Also before the Court are Defendant's Motion to Vacate (ECF No. 171) and Motion to Proceed In Forma Pauperis (ECF No. 172). For the reasons set forth below, the Court DENIES Defendant's motions.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Court originally sentenced Defendant to time-served and 36 months of supervised release for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 119.) Defendant commenced supervised release on July 13, 2017, which was revoked on June 6, 2019, after Defendant admitted to three new law violations. (ECF No. 135.) The Court sentenced Defendant to 12 months in custody to be followed by 24 months of supervised release. (*Id.*) Defendant recommenced supervised release on February 13, 2020. (ECF No. 203 at 2.)

On May 11, 2021, the Probation Office filed a petition alleging that Defendant violated two conditions of his supervised release, in that he failed to notify the probation officer of change in residence and failed to follow the instructions of the probation officer. (ECF No. 157.) The Court found probable cause for arrest pursuant to the petition and ordered the issuance of a warrant. (*Id.*)

On June 17, 2021, Defendant was arrested after being found in a car with a firearm, ammunition, and methamphetamine. (ECF No. 159.) On June 29, 2021, the Probation Office filed a superseding petition, adding six charges related to the incident (four new law violations, a charge for unauthorized travel outside the district, and a charge for association with persons engaged in criminal activity). (*Id.*) Defendant was transferred to federal custody in the Northern District of California, where he had his initial appearance and was ordered detained and removed to this district. (ECF No. 160.) Defendant had an initial appearance in this district on July 15, 2021, at which time he requested a preliminary hearing. (ECF No. 161.)

The preliminary hearing occurred on July 22, 2021. (ECF No. 165.) In support of all charges in the superseding petition, the Government introduced the testimony of Probation Officer Shannon Morehouse and offered two exhibits: (1) the signed acknowledgment of Defendant's conditions of supervised release; and (2) the police arrest report. (ECF No. 196.) Defendant objected to the introduction of the testimony and to the police arrest report. (*Id.*) The Court admitted the evidence over Defendant's objection and ultimately found that probable cause existed in support of all the charges in the superseding petition. (*Id.*)

Defendant filed the instant motion to dismiss Charges One, Three, Four, Five, Seven, and Eight.[1] (ECF No. 198 at 2.) Defendant argues dismissal is necessary because he was not able to question adverse witnesses as to those charges at the preliminary hearing in violation of Federal Rule of Criminal Procedure ("Rule") 32.1 and his due process rights.[2] (*Id.*)

---

[1] Defendant states dismissal of Charge Two is not required. (ECF No. 198 at 2.) Further, the Court already dismissed Charge Six pursuant to a motion by the Government. (ECF No. 175.)

[2] Defendant requests the Court view the motion to dismiss as a supplement to, or a replacement of, his prior motion to vacate. (ECF No. 198 at 1.) Because the arguments in the motion to vacate overlap with those raised in the motion to dismiss, the Court declines to

**II.     STANDARD OF LAW**

Rule 32.1(b)(1)(A) states in relevant part, "If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1.  Rule 32.1(b)(1)(B)(iii) states that if the defendant so requests at the preliminary hearing, the Court must give defendant "an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." *Id.*

The Sixth Amendment right to confrontation does not apply to supervised release revocation hearings. *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).  "Rather, a due process standard is used to determine whether hearsay evidence admitted during revocation proceedings violates a defendant's rights." *Id.* (citing *Morrissey*, 408 U.S. at 482).  "[E]very releasee is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witnesses." *Id.* (citing *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999)).  "To determine 'whether the admission of hearsay evidence violates the releasee's right to confrontation in a particular case, the court must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it.'" *Id.* at 986 (citing *Comito*, 177 F.3d at 1170).  This is known as the *Comito* test. *Id.*

**III.    ANALYSIS**

Defendant argues the Court should dismiss the charges because the Government presented "predominantly hearsay testimony by Probation Officer Shannon Morehouse" at the preliminary hearing and thus Defendant was not able to question witnesses who told the probation officer that Defendant was no longer living at his reported address (which relates to Charge One) or the police officers who alleged he committed new law violations and/or wrote the police report (which relates to Charges Three through Eight).  (ECF No. 198 at 4–5.)

///

---

separately address the motion to vacate and denies it for the same reasons discussed herein.

The Court notes at the outset that while both parties seem to agree the Court should apply the *Comito* test, neither party cites a case where this issue was raised at the preliminary hearing stage as opposed to during or after a final revocation hearing. As such, it is unclear whether the Court must apply the *Comito* test when determining whether "the interest of justice" requires adverse witnesses to appear at a preliminary hearing. Fed. R. Crim. P. 32.1(b)(1)(B)(iii). Putting that question aside, the record shows that the magistrate judge considered the parties' arguments under *Comito* and repeatedly found good cause for allowing the hearsay evidence over Defendant's objection, primarily based on the Government's arguments as to the reliability of the statements, the low standard of proof required at a preliminary hearing, and the need for efficiency. (ECF No. 196 at 12–13, 29–30.) The magistrate judge also noted that the police report was admissible under the public records exception to the hearsay rule. (*Id.* at 30.)

Based on the limited record before it, the Court agrees with the magistrate judge's findings. It is undisputed that the Federal Rules of Evidence do not apply to preliminary hearings. *See* Fed. R. Evid. 1101(d); (ECF No. 198 at 4; ECF No. 203 at 4). Here, the Government provided documentary evidence that has been found to constitute "conventional substitutes for live testimony." *United States v. Martin*, 984 F.2d 308, 313 (9th Cir. 1993) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.5 (1973) ("[W]e did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.")). Further, the Government's evidence — the police report and statements from one probation officer to another in the standard operation of law enforcement — was sufficiently reliable. *See United States v. Walker*, 117 F.3d 417, 420–21 (9th Cir. 1997) (finding a probation officer's official records were sufficiently reliable and "most likely admissible as a public records exception to hearsay"). Based on the reliability of the evidence and the low standard of proof for the preliminary hearing, the stated inconvenience to the Government in calling live witnesses was sufficient to support a finding of good cause. *See Comito*, 177 F.3d at 1172 ("In some instances, mere inconvenience or expense may be enough [to outweigh the right to confrontation].").

///

In addition, Defendant has not persuaded the Court that dismissal would be the proper remedy at this stage.  Defendant broadly argues the Court "has supervisory authority to dismiss charges to supervise the administration of criminal justice."[3]  (ECF No. 198 at 6 (citing *McNabb v. United States*, 318 U.S. 332 (1943)).)  Defendant also relies on *United States v. Gishie*, 804 F. App'x 577 (9th Cir. 2020).  (*Id.*)  However, *Gishie* is distinguishable for two reasons.  First, *Gishie* did not involve a preliminary hearing — it involved a revocation hearing.  804 F. App'x at 578.  Second, the Ninth Circuit did not dismiss the charges in *Gishie* — it merely vacated the district court's order revoking the defendant's supervised release and remanded the matter to allow the district court to conduct the requisite balancing test.  *Id.*  In the instant case, a revocation hearing is set for May 25, 2022.  (ECF No. 201.)  At that time, Defendant will have an opportunity, if necessary, to invoke his right to confrontation that "ensures that a finding of a supervised release violation will be based on verified facts."  *Comito*, 177 F.3d at 1170.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.  (ECF No. 198.)  The Court also DENIES Defendant's Motion to Vacate (ECF No. 171) and DENIES as moot Defendant's Motion to Proceed In Forma Pauperis (ECF No. 172).

IT IS SO ORDERED.

DATED:  May 5, 2022

Troy L. Nunley
United States District Judge

---

[3]  It is not until Defendant's reply that he vaguely argues Rule 32.1(b)(1)(C) requires dismissal of charges when a court determines there is no probable cause to believe a violation occurred.  (ECF No. 204 at 6.)  However, Defendant fails to adequately explain how this rule applies in this case or why he did not raise the argument sooner.  Therefore, the Court declines to address this argument.